UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TASIE LAMA,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-3121 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On July 28, 2008, Petitioner Tasie Lama filed the instant motion, *pro se*, seeking relief under 28 U.S.C. § 2255. (See Motion (Docket Entry # 1).)[1] Lama claims that his sentence should be set aside because the sentencing judge did not give him "safety valve" credit for truthfully providing information to the Government. (Motion at 2.) As set forth below, the court finds that Lama's Motion is barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## I. PROCEDURAL BACKGROUND

On December 27, 2001, Lama pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and importation of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). (See United States v. Lama, No. 01-CR-1072 (RR), Docket Entry # 29.) Judge Reena Raggi sentenced Lama on May 20, 2002. (See No. 01-CR-1072, Docket Entry # 34.) Lama appealed to the United States Court of Appeals for the Second Circuit, asserting that Judge Raggi had improperly denied him "safety valve" credit during his sentencing. See United States v. Lama,

---

[1] All citations are to the docket in this action, unless otherwise noted.

64 F. App'x 308, 309 (2d Cir. 2003). On May 20, 2003, the Second Circuit issued a summary order rejecting Petitioner's claims. Id. The Second Circuit issued a mandate on June 23, 2003. (No. 01-CR-1072, Docket Entry # 42.)

By letter dated November 11, 2007, Lama asked the prosecutor in his criminal case about the whereabouts of certain personal property that customs officers confiscated when he was arrested. (No. 01-CR-1072, Docket Entry # 44.) Lama copied Judge Raggi on that letter. (Id.) Although Judge Raggi was no longer a district judge, having been appointed to the Second Circuit, she asked the United States Attorney to respond to Lama's letter. (Id.)

In a letter dated February 21, 2008, Lama asked Judge Raggi to revisit his sentence and to grant him "safety valve" credit. (No. 01-CR-1072, Docket Entry # 45, at 4.) In support of his request, Lama cited the loss of his passport and personal property, which appear to have been destroyed while in storage during the attacks of September 11, 2001;[2] asserted that he was made a "scape-goat" by other criminals; detailed his behavior in prison; and criticized the performance of his lawyer at the time of his guilty plea. (Id. at 1-4.) On February 28, 2008, Judge Raggi issued an order explaining that if Lama wished to challenge his conviction or sentence, he would need to file a formal motion, which would then be assigned to a judge in this district by random selection. (Id.)

Lama filed the instant § 2255 Motion on July 28, 2008. On August 8, 2008, the court ordered Lama to show cause as to why the relief he seeks is not barred by the one-year statute of limitation governing motions made under § 2255. (Docket Entry # 3.) Lama submitted an affirmation on September 8, 2008, in which he argued that the conduct of his attorney, B. Allen

---

[2] It is not clear why this would constitute a basis for resentencing. Lama first states that "I assume the EVIDENCE was also destroyed along with my PASSPORT & PERSONAL PROPERTY." (No. 01-CR-1072, Docket Entry # 45 at 1.) He does not cite any relevant evidence that was unavailable to him, however. Lama also asserts, somewhat bizarrely, that he should receive a reduced sentence as *compensation* for the loss of his personal property. (Id. at 4.)

2

Seidler, prevented him from timely filing his Motion. ("Affirmation" (Docket Entry # 4).) Lama attached to his Affirmation what appears to be correspondence between Lama, his daughter, and Seidler. (See Docket Entry # 4-2 ("Correspondence").) On January 22, 2009, the Government submitted its opposition to Lama's Motion. (Docket Entry # 7.)

## II. DISCUSSION

Under AEDPA, with limited exceptions that are inapplicable here, a § 2255 motion must be filed within a year of the date on which a judgment of conviction becomes final. 28 U.S.C. § 2255(f). Lama's conviction became final on September 21, 2003, the conclusion of the ninety-day period during which he could have sought certiorari in the United States Supreme Court. See Clay v. United States, 537 U.S. 522, 525 (2003). Lama filed his Motion nearly four years after that date. Accordingly, the Motion is time-barred unless Lama is entitled to equitable tolling.

Equitable tolling of the AEDPA limitations period is available only in "rare and exceptional circumstances." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). For tolling to be appropriate, a petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal punctuation omitted). A petitioner seeking equitable tolling must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

"The pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.

3

1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Reading Lama's allegations in this manner, the court understands him to assert that he diligently sought to file a § 2255 motion and was prevented from doing so by Seidler's misconduct. (See Affirmation at 3.) In reference to the correspondence that he attaches to his Affirmation, Lama states that "if this honorable court will thoroughly read through this [sic] copies of documents, it should explain Mr. Lama's reasons for untimely filing of his § 2255 motion." (Id.)

The Supreme Court has recently addressed the circumstances under which attorney error can constitute an "extraordinary circumstance" that warrants equitable tolling. See Holland, 130 S. Ct. at 2549. The availability of equitable tolling in this context is limited because post-conviction petitioners have no constitutional right to counsel. See Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nonetheless, the Holland Court rejected the Eleventh Circuit's conclusion that "pure professional negligence" on the part of a habeas petitioner's attorney could never warrant tolling. 130 S. Ct. at 2565. In doing so, the Supreme Court cited with approval the more flexible approach adopted by the Second Circuit in Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003). Id. at 2560.

According to the Second Circuit, "attorney error *normally* [does] not constitute the extraordinary circumstances required to toll the AEDPA limitations period" but "at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." Baldayaque, 338 F.3d at 152 (emphasis in original). The Baldayaque Court distinguished between "ordinary" errors, such as mistakes about deadlines, and the "extraordinary" dereliction of duty exhibited by the lawyer in the case before it.[3] Id; see also Holland, 130 S. Ct. at 2564

---

[3] Baldayaque's attorney failed to file a § 2255 motion despite being specifically instructed to do so, inaccurately represented deadlines, performed no legal research, and utterly failed to communicate with his client. Baldayaque, 338 F.3d at 152. Holland involved similar facts. See Holland, 130 S. Ct. at 2564.

4

(distinguishing between "garden variety" claims of excusable neglect and extraordinary misconduct).

Even reading his allegations liberally, Lama has not shown that any errors made by Seidler meet this standard or that they prevented him from timely filing a § 2255 motion. It appears that Seidler first proposed filing a § 2255 motion on April 8, 2005.[4] (See Correspondence at 1.) Seidler strongly suggested to Lama that, in light of United States v. Booker, 543 U.S. 220 (2005), a § 2255 motion was almost certain to succeed. (Id.) Seidler attached to his letter a Supreme Court case that he claimed to have "won on similar Booker grounds."[5]

On April 8, 2005, the Second Circuit held that Booker did not apply retroactively to cases on collateral review. See Guzman v. United States, 404 F.3d 139, 143 (2d Cir. 2005). Nonetheless, in letters dated May 23, 2005, and November 28, 2005, Seidler assured Lama that he had a "good chance to win" and that his chances were "at least 50-50." (Id. at 3, 4.) Lama's daughter appears to have formally authorized Seidler to pursue the § 2255 motion on December 18, 2005. (Id. at 5.)

On July 6, 2006, Seidler advised Lama that various potential grounds for a § 2255 motion were foreclosed by case law. (Id. at 11.) In particular, Seidler informed Lama that Booker did not apply retroactively under Guzman. In a letter dated August 28, 2006, Lama told Seidler, "I am not in favor of filing any motion right now. For I don't see any chance of winning." (Id. at 12.) He then asked Seidler to return funds that had been wired to his bank account. (Id.) The

---

[4] For the purposes of this order, the court assumes that the documents submitted by Lama are what they purport to be, although they unavoidably provide an incomplete picture of the full set of interactions between Lama and Seidler.

[5] This claim was misleading insofar as the Supreme Court simply remanded that case – which was on direct appeal – in light of Booker. See Perez v. United States, 543 U.S. 1101 (2005).

5

relationship between Lama and Seidler deteriorated as Lama continued to seek the return of legal fees.[6] (Id. at 17-27.)

Absent newly discovered evidence or a newly recognized rule applicable to cases on collateral review, any § 2255 motion challenging Lama's sentence would have been time-barred unless filed by September 21, 2004. See 28 U.S.C. § 2255(f). Seidler did not even *propose* filing a § 2255 motion until April 2005. Accordingly, any delays in filing stemming from Seidler's conduct were not the source of the time bar – Lama's claims would have been barred even if Seidler had never initiated contact.[7]

Finally, although there are aspects of Seidler's conduct that appear troubling on the limited record before the court, Lama has not shown any professional failings that rise to the level of an "extraordinary circumstance" sufficient to satisfy the standard for equitable tolling. To the contrary – at least prior to the fee dispute – Seidler appears to have followed Lama's instructions and promptly responded to inquiries from his client. Consequently, Lama is not entitled to equitable tolling and his Motion is barred by AEDPA.

## III. CONCLUSION

For the foregoing reasons, the court finds that Lama's Motion is barred by AEDPA's statute of limitations. The Motion is therefore DENIED. Because Lama has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

---

[6] To the extent that Lama wishes to bring an action against Mr. Seidler, he must do so in the ordinary manner; the request for an order that he attaches to his Affirmation (Docket Entry # 4-1) is insufficient to commence a separate civil case.

[7] Lama has also not shown that he diligently pursued his right to file a § 2255 motion within the one-year period set by AEDPA. Other than his communications with Seidler, Lama's first attempt to challenge his sentence appears to have been his February 21, 2008 letter to Judge Raggi.

6

taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal.

See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                      s/Nicholas G. Garaufis

Dated: Brooklyn, New York               NICHOLAS G. GARAUFIS
December 21, 2010                          United States District Judge